UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBS Financial Services, Inc., | No. 2:21-cv-01222-KJM-AC |
| Petitioner, | ORDER |
| v. | |
| Dane Alvin Brinkman, an individual, | |
| Respondent. | |

      Petitioner UBS Financial Services, Inc.'s (UBS) motion to confirm the arbitration award against respondent Dane Alvin Brinkman under the Federal Arbitration Act (FAA) is before the court.  Brinkman is a former UBS employee.  He has not filed an opposition to petitioner's motion.  **The court grants the motion.**

      Brinkman is a former securities broker and was a registered representative with Financial Industry Regulatory Authority Dispute Resolution (FINRA) during his employment with UBS. Pet. ¶ 5, ECF No. 1.  On September 9, 2020, a FINRA arbitration panel found Brinkman liable for not repaying an employee loan and awarded UBS the amount of $116,596.70.  Mem. P. & A. at 2, ECF No. 6-1.  Previously, the parties had agreed to binding arbitration as the method of resolving any employment disputes.  *See generally* Mot. Ex. 1 (Form U-4) at 4–18, ECF No. 6-2 (signed by Brinkman on July 23, 2004 confirming disputes arising out of his employment with UBS would be settled via FINRA arbitration); Award at 1, ECF No. 6-2 (award issued Sept. 4,

2020 in *UBS Financial Services Inc. v. Dane A. Brinkman,* FINRA Case No. 08-03708, determining Brinkman liable).  On July 13, 2021, USB filed the instant motion.  *See generally* Mot., ECF No. 6.  The court submitted the matter on the papers.  *See* Minutes, ECF No. 9.

The FAA permits any party to apply to the court within one year after an arbitration award is made to confirm, vacate, modify, or correct the award.  *See* 9 U.S.C. § 9.  A court must confirm an arbitration award "unless the award is vacated, modified, or corrected."  *See id.*; *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003).  Specifically, the court's review of an arbitration award is narrow: sections 10 and 11 of the FAA statute permit a federal court to

> correct a technical error, [ ] strike all or a portion of an award pertaining to an issue not at all subject to arbitration, [or] vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law.

*See Kyocera*, at 997–98; *see also* 9 U.S.C. §§ 10-11.

Here, the FINRA arbitration award has not been vacated, modified, or corrected.  *See* Watson Decl. ¶ 3, ECF No. 6-2.  USB filed its motion within one year of the arbitration award's issuance and none of the conditions permitting vacation, modification, or correction of the award is present here.  There is no evidence of technical errors, issues beyond the scope of arbitration, affirmative misconduct, or an arbitral process or result that is irrational or disregards the law.  Brinkman did not file any opposition to this motion and thus appears not to contest its validity.

**The court grants USB's motion to confirm the arbitration award**.  Brinkman shall immediately pay USB the arbitration award in the amount of $116,596.70.

This order resolves ECF No. 6.

IT IS SO ORDERED.

DATED:  November 18, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE